UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Judith Grigal,                                                          Case No. 05-2956 (MJD/FLN)

          Plaintiff,

vs.                                                                              **REPORT AND RECOMMENDATION**

MICHAEL J. ASTRUE
Commissioner of
Social Security,

          Defendant.

_____

Lionel H. Peabody for Plaintiff.
Lonnie F. Bryan for the Government.
_____

## I. INTRODUCTION

**THIS MATTER** is before the undersigned United States Magistrate Judge on Plaintiff Judith Grigal's motion for an entry of judgment in favor of Plaintiff[1] and motion for an award of attorney's fees and expenses [#27] pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $7,518.20.

Plaintiff asserts that she is entitled to an award of attorney's fees under the EAJA because Plaintiff is the prevailing party in this case and because the Commissioner's position was not substantially justified. The Government does not dispute the fact that Plaintiff is the prevailing party or that her application is timely; rather, the Government opposes the motion on the grounds that the

---

[1] Due to a clerical oversight, judgment has not yet been entered in this case. Plaintiff therefore moves this Court to order entry of judgment to be effective as of the date of the remand order, December 7, 2006, *nunc pro tunc*. Defendant does not object to the Court entering judgment effective December 7, 2006. Therefore, the Court recommends that judgment be entered in this case, effective as of December 7, 2006.

...

Commissioner's position on this matter was substantially justified.

## II. PROCEDURAL HISTORY

Plaintiff applied for Disability Insurance Benefits ("DIB") on December 18, 2002, alleging she became disabled on October 4, 2002, due to anxiety disorder, major depressive disorder, a seizure disorder and carpal tunnel syndrome. The Social Security Administration denied Plaintiff's application for DIB initially and upon reconsideration. Pursuant to Plaintiff's request, an administrative hearing was held before Administrative Law Judge Larry Meuwissen (hereinafter "ALJ") on June 9, 2004. On August 17, 2004, the ALJ issued an unfavorable decision denying Plaintiff benefits. Plaintiff appealed the unfavorable decision. On May 10, 2005, the Appeals Council denied her request for review of the ALJ's decision, making the ALJ's decision the Commissioner's final decision in this matter.

On December 22, 2005, Plaintiff filed a Complaint with the District Court of Minnesota seeking judicial review of the final decision of the Commissioner denying her application for DIB. On November 29, 2006, the undersigned issued a Report and Recommendation remanding this case for further proceedings at the administrative level. *See* Report and Recommendation ("R&R"), Docket Number 22. On December 7, 2006, United States District Court Judge Michael Davis adopted the November 29, 2006, Report and Recommendation. (Docket Number 25.) Plaintiff's case was remanded because the Court found that the ALJ failed to fully and fairly develop the record in regards to the medical opinion of Plaintiff's treating physician, that the ALJ did not make specific findings as to Plaintiff's mental residual functional capacity, and that the ALJ did not give specific reasons for discrediting Plaintiff's testimony. *See* R&R, Docket Number 22.

### III.  DISCUSSION OF LAW

**A.     Legal Standard for Fees under the EAJA**

28 U.S.C. § 2412(d)(1)(A) of EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort) . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The EAJA also sets forth requirements for requesting an award of costs and fees:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from an attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.  The party shall also allege that the position of the United States was not substantially justified.

28 U.S.C. § 2412(d)(1)(B).  Furthermore,

> [w]hether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

*Id.*  The Supreme Court has held that a judgment granting remand is a final judgment for which fees may be granted.  *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993).

"Party" under the EAJA means an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed.  *See* 28 U.S.C. §2412(d)(2)(B).  The Commissioner does not dispute that Plaintiff was a "prevailing party" within the meaning of the statute.  Therefore, the determination of whether Plaintiff is entitled to a fee award under the EAJA depends upon whether

3

or not the Commissioner's position was substantially justified. *See Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003).

The Commissioner bears the burden of proving its litigation position was "substantially justified." *Id.; Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991). To establish substantial justification, the Commissioner must show that the denial of benefits had a reasonable basis in law and fact. *See Welter*, 941 F.2d at 676 (*citing Pierce v. Underwood*, 487 U.S. 552, 565-566 (1988)). The test of whether the Commissioner's position was substantially justified requires a showing that the position was "clearly reasonable, well-founded in law and fact, solid though not necessarily correct." *Friends of Boundary Waters Wilderness v. Thomas*, 53 F.3d 881, 885 (8th Cir. 1995). This means that the Commissioner's position need only be "justified to a degree that could satisfy a reasonable person" to defeat a claimant's application for attorneys' fees. *Pierce,* 487 U.S. at 565. This inquiry involves an evaluation of the Commissioner's position both at the pre-litigation and litigation phases of the case. *See Iowa Express Distribution, Inc. v. NLRB,* 739 F.2d 1305, 1309 (8th Cir. 1984).

Fees are not to be awarded simply because the Commissioner loses the case. *See Welter*, 941 F.2d at 676. The Commissioner's position in denying benefits can be substantially justified even if the denial is unsupported by substantial evidence on the record as a whole. *See id.; Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). The rationale underlying this rule is that the substantial evidence and substantial justification standards are different. *See Welter*, 941 F.2d at 676. As the Eighth Circuit explained:

> Under the substantial evidence standard, the district court must consider evidence that both supports and detracts from the Secretary's position. In contrast, under the substantial justification standard the district court only considers whether there is a reasonable basis in law and fact for the position

taken by the Secretary.

*Id.* (internal citations omitted).

Because the standards are neither semantic nor legal equivalents, the Commissioner can lose on the merits of the disability question and win on the application for attorney's fees. *See id.*

### B.     Analysis of Entitlement to Fees Under EAJA.

Plaintiff argues that the position of the Commissioner was not substantially justified because the ALJ failed to fully and fairly develop the record, the ALJ failed to make specific findings regarding Plaintiff's mental residual functional capacity and because the ALJ's credibility determination was not supported by substantial evidence on the record as a whole. Plaintiff argues that the ALJ acted contrary to his clear duty to fully and fairly develop the record.

The Commissioner argues that the ALJ's position as a whole was substantially justified. The Commissioner argues that the ALJ's position as to Plaintiff's mental residual functional capacity was reasonable, as the ALJ concluded that Plaintiff's mental impairments did not limit her beyond the restriction to unskilled work. The Commissioner notes that unskilled work is defined as work that requires little to no judgment to do simple tasks, that the tasks required in unskilled work can be learned on the job in a short period of time, and that most unskilled jobs require working with things rather than people or data. The Commissioner argues that the ALJ had a reasonable basis for concluding that Plaintiff's mental impairments did not preclude unskilled work, especially when considering the opinion of the state agency reviewing psychologist that Plaintiff could complete simple tasks, could get along with supervisors and co-workers, and could adapt to routine work changes.

The Commissioner argues that, although the Court held that the ALJ erred in relying on the

opinion of the state agency reviewing psychologist, the ALJ's reliance on that opinion had a reasonable basis. The Commissioner argues that Plaintiff's treatment records contained some support for that opinion, and that state agency reviewing psychologists are highly qualified experts in Social Security disability evaluation whose opinions the ALJ was required to consider. The Commissioner further argues that it was reasonable for the ALJ to accord less weight to the opinion of Plaintiff's treating psychiatrist, Dr. LaKosky, even though Dr. LaKosky's opinion that Plaintiff was not employable was consistent with Dr. Speare's opinion. The Commissioner argues that it was reasonable for the ALJ to conclude that the evidence did not support either opinion, because (1) Dr. LaKosky's treatment notes showed Plaintiff's mental impairments were well-controlled and generally in remission; (2) the treatment notes showed that there were no objective mental status findings to support significant mental limitations; and (3) Dr. LaKosky's opinions were inconsistent with each other.

The Commissioner argues that it was reasonable for the ALJ to conclude that Dr. Speare's treatment records did not support the opinions of total disability because Dr. Speare concluded (1) that Plaintiff's anxiety disorder was adequately controlled with medication; (2) that she did not relate current symptoms of major depression; (3) that she was cooperative; (4) that she had no memory problems; (5) that she was able to perform simple calculations; and (6) that she had intact reasoning and judgment. The Commissioner further argues that the record of Plaintiff's hospitalization did not support her statements to Dr. Speare that she had hallucinations or delusions while hospitalized. Finally, the Commissioner argues that the ALJ's conclusion that Plaintiff's work history and activities detracted from her credibility were reasonable. The Commissioner argues that, although the Court found that the ALJ had a duty to contact Dr. LaKosky for clarification, the exchange

between the ALJ and Plaintiff's attorney at the hearing on this matter provided a reasonable basis for not doing so. The Commissioner notes that the ALJ noted a gap in the records and asked Plaintiff's counsel if there were additional records available from Dr. LaKosky, and Plaintiff's counsel stated that he thought the records submitted were the extent of the records. Therefore, the Commissioner argues that, based on Plaintiff's attorney's statement, "it was at least reasonable for the ALJ to conclude that contacting Dr. LaKosky would not be helpful." (Def.'s Mem. in Opp. at 8.)

The Commissioner's position that the ALJ properly rejected the opinion of Plaintiff's treating physician was not substantially justified because a reasonable person would not find that the Commissioner's position had a reasonable basis in law or fact. The ALJ had a duty to fully and fairly develop the record, and the ALJ failed to do so. The ALJ recognized that the record was not fully developed concerning Dr. LaKosky's opinions, as the ALJ told Plaintiff that he had "a bit of a problem" reconciling Dr. LaKosky's treatment records with Plaintiff's testimony and with Dr. LaKosky's own determination that Plaintiff was disabled. (Tr. at 429-30.) The ALJ noted, on the record, that there was a gap in Dr. LaKosky's treatment records, and after making this observation the ALJ had a duty to fully and fairly develop the record by requesting additional information from Dr. LaKosky. See 20 C.F.R. §404.1512(d). Plaintiff testified that, notwithstanding the gap in the treatment records, she contacted Dr. LaKosky during the time that the ALJ noted that there were no records in the file. (Tr. at 428-29.) The fact that the ALJ asked Plaintiff's attorney whether there were any more records that should be in the file did not discharge the ALJ's duty to fully and fairly develop the record. Plaintiff's attorney responded to the ALJ's question by stating "[t]o my knowledge, that's the extent of the records." (Tr. at 429-30.) A reasonable person would not

conclude, as argued by the Commissioner, that, since Plaintiff's attorney stated he thought the records submitted were the extent of the records, that contacting Dr. LaKosky would not be helpful. Because the ALJ made a decision without making any additional effort to obtain what he knew to be missing records, this Court cannot conclude that the Commissioner's position was substantially justified. The Court finds that the Government's position was not substantially justified, as a reasonable ALJ under these circumstances should have contacted Dr. LaKosky for further information regarding Plaintiff's mental impairments. Having concluded that the Government's position was not substantially justified in regards to the ALJ's failure to fully and fairly develop the record, the Court need not reach the other arguments advanced by Plaintiff and Defendant, except to the extent they bear on the issue of the amount of the fees, as discussed below.

The Commissioner argues that, even if this Court finds that the Government's position was not substantially justified, the Court should reduce the amount requested by Plaintiff to a reasonable amount which does not include an award for hours spent in connection with Plaintiff's Sentence Six Remand Motion. The Commissioner argues that Plaintiff's position, that there was good cause for remand to consider additional evidence because it was the ALJ's duty to develop the record, was unreasonable, and that Plaintiff should have known that she could not establish good cause. The Commissioner further argues that Plaintiff should have known that she could not meet the materiality requirement for a sentence six remand because most of the additional evidence she submitted did not relate to the period under consideration. The Commissioner argues that, if the Court finds the Government's position in regards to Plaintiff's motion for a sentence six remand to be substantially justified, the Court should reduce the amount of fees requested by $2,448, for the time, 15.3 hours, that was spent on the motion for remand.

The Court concludes that the Government's position with regards to Plaintiff's motion for a sentence six remand was substantially justified. In order for a sentence six remand to be granted, the moving party must show that "there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). For evidence to be considered material, "the new evidence must be 'non-cumulative, relevant and probative of the claimant's condition for the time period for which benefits were denied.'" *Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir.1997) (quoting *Woolf v. Shalala*, 3 F.3d 1210, 1215 (8th Cir. 1993)). Plaintiff's sole argument in support of her motion for remand was that there was good cause for her failure to incorporate the new evidence into the record because it was the ALJ's duty to fully and fairly develop the record and he did not do so. However, while the ALJ has a duty to fully and fairly develop the record, it is Plaintiff's burden to prove that she suffers from a disability, and it is Plaintiff's burden to put her strongest case forward. In essence, Plaintiff's argument is that, because the ALJ has a duty to fully and fairly develop the record, good cause exists for Plaintiff's failure to include evidence into the record, as it should have been included by the ALJ, and she is therefore excused from the requirement that she bear the burden of proving her disability case.

The Court concludes that the Government's position in opposing Plaintiff's motion for remand was substantially justified, because, although the ALJ has a duty to fully and fairly develop the record, this duty does not alleviate Plaintiff's duty to put her best case forward in support of her disability claim. The ALJ's failure to fully and fairly develop the record does not constitute good cause for Plaintiff's failure to include relevant, obtainable evidence of her disability in the record in the first instance. In addition, a large portion of the evidence that Plaintiff sought to include into

the record upon the motion for remand was evidence that did not relate to the period under consideration. Therefore, for a large portion of the evidence that Plaintiff sought to admit, she could not satisfy the materiality requirement of 42 U.S.C. § 405(g). The Court concludes that the Government's opposition to Plaintiff's motion for a sentence six remand was substantially justified, as it was reasonable for the Commissioner to conclude that Plaintiff did not meet the requirements for a sentence six remand.

As the Court concludes that the Commissioner's position was not substantially justified in regards to the ALJ's failure to fully and fairly develop the record, the Court recommends that Plaintiff be awarded attorneys fees and costs associated with this action. However, as the Court concludes that the Government's opposition to Plaintiff's motion for remand was substantially justified, the Court recommends that the fees charged in connection with work completed for the motion for remand be deducted from the total amount of attorneys fees requested. Plaintiff requests total attorneys fees in the amount of $6,832.00 for 42.7 hours of work. Plaintiff's attorney completed 15.3 hours of work on the motion for remand, at a billing rate of $160.00 per hour. (Ex. 3.) Therefore, Plaintiff's award for attorneys fees should be reduced by $2,448.00 for the amount of time spent on the motion for remand.

In addition, Plaintiff has requested an award for the attorney's fees incurred by Plaintiff in preparing her reply brief to the Commissioner's memorandum in opposition to her motion. Plaintiff requests an additional $400.00 of compensation for the 2.5 hours Plaintiff's counsel spent preparing her reply brief. Plaintiff's reply brief addresses both of the Commissioner's arguments with respect to the fees requested in connection with the summary judgment motion and the fees requested in connection with the motion for remand to consider additional evidence. As the Court concludes that

the Commissioner's position was not substantially justified in regards to the ALJ's failure to fully develop the record, and since two-thirds of the reply brief addresses this issue, the Court recommends that Plaintiff be awarded an additional $266.67 in attorneys fees. This amount represents two-thirds of the amount requested, and is provided for compensation in connection with the arguments made in Plaintiff's reply brief that address the Commissioner's opposition to an award of attorney's fees and costs in connection with Plaintiff's motion for summary judgment. As the Court concludes that the Commissioner's position with respect to the motion for remand for consideration of new evidence was substantially justified, and since one-third of the reply brief addresses that argument, the Court recommends denying Plaintiff's request with respect to the time spent in the reply brief addressing the motion for remand. Therefore, the Court recommends that Plaintiff be awarded $4650.67 in attorneys fees and $286.20 in expenses, for a total of $4936.87.

## IV. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff Judith Grigal's motion for an entry of judgment in favor of Plaintiff and motion for an award of attorney's fees and expenses [#27] pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) be **GRANTED in part** and **DENIED in part.**

1. The Court recommends that Plaintiff's motion for an entry of judgment be **GRANTED** and that judgment be entered effective December 7, 2006.

2. The Court recommends that Plaintiff's motion for an award of attorney's fees and expenses [#27] be **GRANTED in part** and that Plaintiff be awarded $4936.87 for attorney's fees and expenses incurred in association with this case.

DATED: June 15, 2007                                     *s/ Franklin L. Noel*
                                                          FRANKLIN L. NOEL
                                                          UNITED STATES MAGISTRATE JUDGE


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 5, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.